UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIFTH THIRD MORTGAGE COMPANY )<br>)<br>        Plaintiff, )<br>)<br>)<br>  v. )<br>)<br>AMERICAN FIDELITY FINANCIAL SERVICES, )<br>INC. d/b/a AMERICAN FEDERAL FINANCIAL )<br>SERVICES, INC., STEVEN L. GARCIA, JULIA )<br>GARCIA and GEORGE KHANANIA, )<br>)<br>        Defendants. ) | Case No.<br><br>Amount Claimed: $308,603.74 plus interest, punitive damages and attorneys' fees and costs |

## COMPLAINT

NOW COMES Fifth Third Mortgage Company ("Fifth Third'), by and through its counsel, and for its Complaint against, American Fidelity Financial Services, Inc. d/b/a American Federal Financial Services, Inc. ("AFFS"), Steven L. Garcia ("S. Garcia"), Julia Garcia ("J. Garcia), and George Khanania ("Khanania"), states as follows:

## THE PARTIES

1. Fifth Third is an Ohio Corporation with its principle place of business in Cincinnati, Ohio.

2. AFFS operates as a mortgage broker, and is an Illinois corporation with its principal place at 1600 Golf Road, Suite 1200, Rolling Meadows, Illinois.

3. S. Garcia is a citizen of the State of Illinois who resides at 801 Prince Charles Lane, Schaumburg, Illinois. At all relevant times during the events set forth in this Complaint, S.

1

Garcia was the President and CEO of AFFS. S. Garcia is currently the registered agent for AFFS.

4. J. Garcia is a citizen of the State of Illinois who resides at 801 Prince Charles Lane, Schaumburg, Illinois. Upon information and belief, S. Garcia and J. Garcia are husband and wife. Currently, the Illinois Secretary of State's website identifies J. Garcia as the President of AFFS. J. Garcia was the seller of the home subject to the mortgage fraud scheme outlined in this Complaint. At all relevant times during the events set forth in this Complaint, J. Garcia was an officer, shareholder, and/or employee of AFFS.

5. Khanania is a citizen of the State of Illinois who resides at 830 E. Old Willow Road, Apt. 106, Prospect Heights, Illinois.

6. This matter pertains to the defendants' fraud against Fifth Third by employing a "straw buyer" scheme to induce Fifth Third to finance Khanania's purchase of a home from J. Garcia through the mortgage services of AFFS.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this matter, because the parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 USCA § 1332 (West 2011). Venue is appropriate in this Court, because all of the defendants reside in this district. 28 USCA § 1391 (West 2011).

8. On April 30, 2008, Fifth Third and AFFS entered into a Residential Wholesale Loan Broker Agreement (the "Agreement") whereby AFFS agreed to refer residential mortgage

applicants to Fifth Third in consideration for a fee, provided the loan closed. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

9. In the Agreement, AFFS represented and warranted to Fifth Third to the best of AFFS' knowledge that "neither Broker, borrower or any person or entity engaged by Broker, its officers, employees or agents which is involved in the Loan…(a) made any false representation or provided information which is not true, complete and accurate as is reasonably necessary for Fifth Third to make an underwriting decision; or (b) received any direct or indirect benefit fee, commission or other consideration of value from borrower or any other party in connection with the Loan except those fees properly charged to borrower." Agreement, Para. 2, B, 10.

10. AFFS agreed to repurchase any Loan where it breached any of its representations or warranties, or in the circumstances where the Broker committed fraud or misrepresentation in the origination or processing of the Loan.

11. In addition to repurchasing the Loan, AFFS agreed to pay Fifth Third its attorney's fees.

12. On January 5, 2009, Fifth Third, as lender, and Khanania, as borrower, closed a loan evidenced by a note (the "Note") in the amount of $415,000.00, originated by AFFS and submitted to Fifth Third under the Agreement. The loan was secured by a mortgage on the real property known as 38635 N. Lotus Avenue, Spring Grove, Illinois (the "Property"). A copy of the Note is attached hereto as Exhibit 2.

13. Khanania submitted a Uniform Residential Loan Application (the "Application") to AFFS, also dated January 5, 2009, which is a sworn statement of financial information he had

previously submitted to AFFS to obtain Fifth Third's initial approval of the Loan. In his Application Khanania represented that he was employed by Resource Industries at 1507 E. 53rd Street in Chicago, Illinois. He also submitted a 2007 W-2 Wage and Tax Statement. The W-2 form includes an invalid FEIN number. Moreover, according to the Illinois Secretary of State's web site, Resource Industries dissolved in April 2007.

14. Based on the false FEIN number and the fact that Resource Industries was dissolved when the W-2 form was issued, Fifth Third understands and believes that the information contained therein, including Mr. Khanania's income, is false.

15. Also, in his loan application, Khanania listed his liabilities. He identified two student loans and a monthly payment due a finance company for approximately $300. He failed to identify that he owned another piece of real property known as 6243 S. Bishop Street, Chicago, Illinois 60636, with a mortgage in the amount of $289,000.00. Khanania closed the undisclosed loan just thirteen days before closing the loan upon which this lawsuit is based.

16. Contrary to AFFS and Khanania's representations, Khanania was not in fact a then current employee of Resource Industries. In fact, he had been at least an intermittent employee of AFFS. J. Garcia and S. Garcia knew that Khanania was not employed by Resource Industries.

17. Indeed, the seller of the Property was J. Garcia, a principle of AFFS.

18. Neither, AFFS, J. Garcia, S. Garcia, nor Khanania ever disclosed to Fifth Third that Khanania's employment and income information submitted to Fifth Third for approval of

the Loan were false, or that Khanania owned another piece of real property for which he was obligated to make mortgage payments.

19. Neither AFFS nor J. Garcia disclosed to Fifth Third that one of the principles of AFFS was the seller of the Property.

20. AFFS, J. Garcia, S. Garcia and Khanania knew that the Application and other information provided to AFFS would be forwarded to Fifth Third and that Fifth Third intended to rely on such information in determining whether to approve Khanania's application for a loan. In approving Khanania's loan, Fifth Third reasonably relied on the information provided in Khanania's Application, submitted through AFFS, believing the information therein to be to be true and correct.

21. The entire transaction was a sham, "straw buyer" transaction orchestrated by AFFS, J. Garcia, S. Garcia, and Khanania. The transaction was not arm's length in that Khanania and J. Garcia agreed to inflate the purchase price of the Property to increase the loan amount, allowing J. Garcia to obtain a loan amount significantly higher than if the transaction had been an arm's length transaction, in breach of the Agreement. Furthermore, Fifth Third would not have agreed to close the Note had the defendants properly disclosed Khanania's full liabilities and lack of employment, as Khanania would not have qualified for the Note.

22. After Khanania's default, the Property was sold at a short sale for $137,099.82, with the proceeds going to Fifth Third. The outstanding balance under the Note is $308,603.74, plus interest and attorneys' fees and costs. The short sale was presented to Fifth Third by Khanania as an arm's length transaction, when in fact it was not. The buyer at the short sale was

J. Garcia's relative who three months after the short sale deeded the Property back to the Garcias. The purchase money for the short sale came from the Garcias and AFFS. The Garcias subsequently sold the Property for substantially more than the short sale price, in March 2011. Upon information and belief, the Garcias resided at the Property from at least December 2008 until March 2011.

## COUNT I
## BREACH OF CONTRACT AGAINST AFFS

23. Fifth Third re-alleges and re-states paragraphs 1-22 as though fully set forth herein.

24. AFFS breached its representations and warranties to Fifth Third in that it knew, through the personal knowledge of S. Garcia and/or J. Garcia, that certain material financial information listed in Khanania's Application and also provided separately by AFFS to Fifth Third was false. AFFS further breached its representations and warranties in that J. Garcia, a principle of AFFS, received consideration of value – the loan proceeds – in connection with Fifth Third funding of the Khanania's loan.

25. Fifth Third has been damaged by AFFS' breach of the Agreement in the amount of $308,603.74, plus interest and attorney's fees.

26. Fifth Third demanded payment from AFFS, but AFFS has failed and refused to pay same.

WHEREFORE, Fifth Third respectfully requests that the Court enter judgment in its favor and against American Fidelity Financial Services, Inc. d/b/a American Federal Financial

Services, Inc. in the amount of $308,603.74, plus interest, attorney's fees and costs, as well as all other relief this Court deems just.

## COUNT II
## BREACH OF CONTRACT AGAINST KHANANIA

27. Fifth Third re-alleges and re-states paragraphs 1-26 as though fully set forth herein.

28. Khanania, by virtue of failing to make payments under the Note, is in default of his obligations to Fifth Third.

29. Fifth Third has suffered damages in the amount of the outstanding balance of the Note which is $308,603.74, plus interest, attorney's fees and costs.

30. Khanania has advised Fifth Third that he does not have the financial ability to pay the Note.

WHEREFORE, Fifth Third respectfully requests that the Court enter judgment in its favor and against George Khanania in the amount of $308,603.74, plus interest, attorney's fees and costs, as well as all other relief this Court deems just.

## COUNT III
## FRAUD AGAINST AFFS, S. GARCIA, J. GARCIA, AND KHANANIA

31. Fifth Third re-alleges and re-states paragraphs 1-30 as though fully set forth herein.

32. Khanania, J. Garcia, S. Garcia, and AFFS created false financial information for Khanania and submitted this false financial information, including the Application, to Fifth Third

for the purpose of inducing Fifth Third to fund the Note, which Khanania did not have the financial ability to repay.

33. Khanania, J. Garcia, S. Garcia and AFFS intended for Fifth Third to rely on the false financial information.

34. Fifth Third reasonably relied on the false financial information in approving and funding the Note.

35. AFFS, S. Garcia, J. Garcia, and Khanania personally benefitted from their efforts to defraud Fifth Third. AFFS, of which S. Garcia and J. Garcia were the principles, received a commission/fee for the loan. J. Garcia and S. Garcia benefitted from the sale of J. Garcia's real property which sale would not have been possible for the price agreed to by Khanania had the sale been arm's length and had Khanania's financial status been accurately depicted in the information submitted to Fifth Third. As husband and wife, both S. Garcia and J. Garcia benefitted financially from the Fifth Third payment of the loan proceeds to J. Garcia. Upon information and belief, Khanania was compensated by AFFS and/or the Garcias for agreeing to be the straw buyer.

36. Fifth Third has suffered damages due to the defendants' fraud in the amount of $308,603.74, plus interest and punitive damages.

WHEREFORE, Fifth Third respectfully requests that the Court enter judgment in its favor and against American Fidelity Financial Services, Inc. d/b/a American Federal Financial Services, Inc. Steven L. Garcia, Julia Garcia and George Khanania, jointly and severally, in the

amount of $308,603.74, plus interest, plus punitive damages, as well as all other relief this Court deems just.

Dated: September 8, 2011               FIFTH THIRD MORTGAGE COMPANY

                              By:      /s/Alex Darcy
                                       D. Alexander Darcy (ARDC # 06220515)
                                       ASKOUNIS & DARCY, PC
                                       401 N. Michigan Avenue
                                       Suite 550
                                       Chicago, IL 60611
                                       (312)784-2400 (telephone)
                                       (312)784-2410 (facsimile)
                                       adarcy@askounisdarcy.com