# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6275 | **DATE** | 4/3/2013 |
| **CASE TITLE** | Fifth Third Mortgage Co. v. American Fidelity Financial Services, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Motion hearing set for 4/9/2013 is stricken. The Court denies defendants' motion [34] to seal documents.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Fifth Third Mortgage Company ("Fifth Third") filed a complaint against defendants American Fidelity Financial Services, Inc. ("American Fidelity"), Steve L. Garcia, Julia Garcia and George Khanania ("Khanania"). In the complaint, plaintiff alleged that the defendants had engaged in fraud. Specifically, Fifth Third alleged that Steve Garcia and Julia Garcia were the CEO and President, respectively, of American Fidelity, a mortgage broker. Fifth Third alleges that defendants used falsified documents and information to originate and sell to Fifth Third a mortgage that allowed defendant Khanania to purchase a property from Julia Garcia at an inflated price. When Khanania could not pay the mortgage, Fifth Third allowed Khanania to sell the property in a short sale. Although Fifth Third believed the short sale had been an arms-length transaction, Khanania had, in reality, sold the property to a relative of the Garcias, which relative had received the purchase money from the Garcias and then deeded the property back to the Garcias.

The parties settled the case more than a year ago. Defendants have found, in the meantime, that the very existence of the allegations against them has hurt their business. They have filed a motion requesting that the Court place two documents–the original complaint (and the exhibits thereto) and the plaintiff's motion for default judgment against Khanania (and the exhibits thereto)–under seal "in perpetuity."

The Seventh Circuit has said, "Judicial proceedings are public rather than private property, and the third-party effects that justify the subsidy of the judicial system also justify making records and decisions as open as possible. What happens in the halls of government is presumptively public business." *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) (internal citations omitted). The court explained:

Many a litigant would prefer that the subject of the case–how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on–be kept

> from the curious (including the business rivals and customers), but the tradition that litigation is open to the public is of very long standing. People who want secrecy should opt for arbitration. When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

*Union Oil*, 220 F.3d at 567-568 (citations omitted). The Seventh Circuit has "insisted that only genuine trade secrets, or information within the scope of a requirement such as Fed.R.Crim.P. 6(e)(2) ("matters occurring before the grand jury"), may be held in long-term confidence." *Union Oil*, 220 F.3d at 568.

Defendants' reason for wanting to seal the pleadings is not sufficient. The motion is denied.